# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HAGAN, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | 3:17-CV-2155 |
| | : | (JUDGE MARIANI) |
| DEISY BRAVO LEON et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

This lawsuit arose in the wake of a two car accident involving Daniel Hagan and Deisy Bravo Leon that occurred on July 5, 2016. (Doc. 1-1). On September 12, 2017, Plaintiffs, Daniel Hagan and his wife, Karen Hagan, filed a complaint in the Court of Common Pleas of Pike County, Pennsylvania. (*Id.*). The action sought relief from (1) Deisy Bravo Leon, the driver of the vehicle that collided with Hagan's car, (2) Efrain Hernandez, the owner of the vehicle that collided with Hagan's car, and (3) Progressive Insurance Company, the insurer of Hagan's vehicle. (*Id.*). On November 22, 2017, Defendant Progressive removed the suit to this Court via a Notice of Removal. (Doc. 1). Presently before the Court is Plaintiffs' Motion to Remand, (Doc. 3), and two related motions, (Docs. 12, 14). For the reasons that follow, the Court will deny the Motion to Remand and dismiss the related motions as moot.

## II. Background

According to Plaintiffs' Complaint, Daniel Hagan was driving his car on July 5, 2016, when a Dodge Durango—owned by Efrain Hernandez but driven by Deisy Bravo Leon—made an improper turn and collided with Hagan's car. (Doc. 1-1 at ¶¶ 8-10, 26). As a result, Plaintiffs filed suit in state court on September 12, 2017. In addition to suing Hernadez and Leon, Daniel Hagan also asserted a claim against his car's insurer, Progressive, asserting that he was entitled to underinsured motorist benefits under his policy. (*Id.* at ¶¶ 29-33). On October 12, 2017, Plaintiffs released Hernandez and Leon from "all claims and demands that [Plaintiffs] ever had, or now have, or may have, known or unknown, against [Hernandez and Leon], created by, or arising out of the incident of July 5, 2016." (Doc. 1-2). In exchange for the release, Hernandez and Leon agreed to pay Plaintiffs $15,000 and to "refus[e] to consent to Removal if [Progressive] seeks to Remove the matter to Federal Court." (*Id.*).

Progressive filed a Notice of Removal on November 22, 2017. (Doc. 1). Plaintiffs then filed a Motion to Remand on November 30, 2017, which argued that removal was improper because (1) the Notice of Removal failed to allege the citizenship of all parties at the time the Complaint was filed, and (2) not all Defendants consented to the removal. (Doc. 3). On the same day Plaintiffs' Motion to Remand was filed, Progressive Amended its Notice of Removal to allege the citizenship of all parties at the time the Complaint was filed. (Doc. 7). On December 15, 2017, Plaintiffs filed a motion which requested that this Court

2

deem their Motion to Remand unopposed because Progressive did not file a brief in opposition to that motion within the time allotted by the Local Rules. (Doc. 12). In response, Progressive argued that its Amended Notice of Removal was its opposition to Plaintiffs' Motion to Remand. (Doc. 14). Alternatively, Progressive moved for an extension of time to file its brief in opposition to Plaintiffs' Motion to Remand. (*Id.*).

### III. DISCUSSION

Plaintiffs argue that remand is appropriate for two separate and independent reasons. First, Plaintiffs argue that Progressive does not allege the citizenship of the parties at the time the Complaint was filed. (Doc. 4 at 4-7). Second, Plaintiffs argue that not all Defendants have joined the removal petition. (*Id.* at 3-4). Because the Court finds that both of the arguments lack merit, the Court need not address whether Plaintiffs' motion is unopposed or whether the Court should allow Progressive an extension of time to file a brief in opposition.

Addressing Plaintiffs' first argument, to the extent that the diversity allegations in Progressive's Notice of Removal were lacking, Progressive's Amendment clearly alleges that, at the time Plaintiffs' Complaint was filed, Plaintiffs were citizens of Pennsylvania, Hernandez and Leon were citizens of New Jersey, and Progressive was a citizen of Ohio. (Doc. 7). Thus, even if Progressive's original Notice of Removal was deficient, the defect was cured by Progressive's Amendment. *See Miller v. Principal Life Ins. Co.*, 189 F. Supp. 2d 254, 257-58 (E.D. Pa. 2002).

Turning to Plaintiffs' second argument, the procedure for removing a civil case to federal court is governed by 28 U.S.C. § 1446. "Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition." *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *see also Delalla v. Hanover Ins.*, 660 F.3d 180, 188 (3d Cir. 2011) ("Removal requires unanimity—all defendants must join in a notice of removal in order for removal to be permissible."). "Remand is appropriate where one or more defendants do not join in removal." *Am. Asset Fin., LLC v. Corea Firm*, 821 F. Supp. 2d 698, 699 (D.N.J. 2011). Nevertheless, "[t]he unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik v. Cty. Of Dauphin*, 44 F.3d 209, 213 n. 4 (3d Cir. 1995). "Nominal parties are generally those without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991).

Here, in addition to Progressive, there are two other named Defendants, Hernandez and Leon. Plaintiffs are correct that there is no indication that either Hernandez or Leon consented to the removal. Nevertheless, included with Progressive's Notice of Removal is a document, signed by Plaintiffs, that purports to release Hernandez and Leon from any claims Plaintiffs have against them that arose out of the car accident. (Doc. 1-2). Further, in their Motion, Plaintiffs state that "defendants Deisy Bravo Leon and Efrain Hernandez settled the claims against them for [the] full policy limits of their coverage." (Doc. 4 at 1, 12).

4

Finally, Hernandez and Leon have provided evidence that they have paid the $15,000 owed to Plaintiffs under the term of the Release. (Doc. 10 at 16).

In light of the fact that Hernandez and Leon have settled all the claims Plaintiffs have against them, the Court finds that these two defendants have no real remaining interest in the litigation and, consequently, are nominal parties from whom consent is no longer required for removal. Although it appears that the Third Circuit has yet to consider a fact pattern analogous to this, the Court notes that its holding is consistent with at least two other Court of Appeals that have squarely addressed this issue. *See Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (holding that the "LIG" defendants' consent for removal was not required when the plaintiffs "had signed a letter evincing an agreement in principle to settle their claims against the LIG defendants, and the state court had granted the parties' joint motion to sever the LIG defendants from the ongoing litigation."); *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 542-44 (8th Cir. 2015).

In particular, the facts of *Midwestern Indemnity Company v. Brooks* are almost identical to the facts of this case. There, the plaintiff, Brooks, was negligently struck by a car while riding her bicycle. *Midwestern Indem. Co.*, 779 F.3d at 542. After the driver of the car died, Brooks filed suit against the driver's estate in state court. *Id.* The driver's estate quickly settled Brooks's claims for the full limits of the driver's insurance policy. *Id.* Brooks then joined as a defendant her own insurance company, Midwestern Indemnity, in order to recover her policy's underinsured motorist benefits. *Id.* at 542-43. Midwestern promptly

5

removed the matter to federal court. *Id.* at 543. Brooks then moved to remand, arguing that the driver's estate did not consent to the removal. *Id.* The district court denied the motion to remand, and the Eighth Circuit affirmed. *Id.* at 543-44. Noting that the settlement extinguished Brooks's claims against the defendant-driver's estate, the Eighth Circuit found that the estate was a nominal party with no real interest in the continuing litigation and, therefore, its consent was not required to remove the action to federal court. *Id.* at 544.

Just as in *Midwestern Indemnity*, Plaintiffs here have no remaining claims against the nonconsenting defendants and the nonconsenting defendants have no remaining interest in the litigation. Indeed, it appears that the sole reason for the continued inclusion of Hernandez and Leon in this lawsuit is to defeat any attempt by Progressive to remove the action to federal court. Nevertheless, because Hernandez and Leon have no continuing interest in this litigation, they are nominal defendants and, as a result, their consent is not required to remove this action to federal court. *See Midwestern Indem. Co.*, 779 F.3d at 544; *Acosta*, 452 F.3d at 379.

## IV. Conclusion

For the reasons outlined above, this Court will deny Plaintiffs' Motion to Remand and dismiss the parties' related motions as moot. A separate Order follows.

Robert D. Mariani
United States District Judge

6