# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL HAGAN, et al.,

        Plaintiffs,

v.

DEISY BRAVO LEON, et al.,

        Defendants.

3:17-CV-2155
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a Motion for Reconsideration, (Doc. 22), filed by Plaintiffs, Daniel and Karen Hagan. The Motion asks this Court to reconsider its Memorandum Opinion and accompanying Order of January 3, 2018, (Docs. 18, 19), which denied Plaintiffs' Motion for Remand. Also before the Court is a Motion to Strike Plaintiffs' Motion for Reconsideration, (Doc. 26), filed by Defendant Progressive Insurance Company. Because the Court finds that Plaintiffs' Motion for Reconsideration should be denied, the Court need not reach Progressive's Motion to Strike.

### II. PROCEDURAL HISTORY

This lawsuit arose in the wake of a two car accident involving Daniel Hagan and Deisy Bravo Leon. (Doc. 1-1). According to Plaintiffs' Complaint, Mr. Hagan was driving his car on July 5, 2016, when a Dodge Durango—owned by Efrain Hernandez but driven by Deisy Bravo Leon—made an improper turn and collided with Mr. Hagan's car. (Doc. 1-1 at

¶¶ 8-10, 26). As a result, Mr. and Mrs. Hagan filed suit in state court on September 12, 2017. (Doc. 1 at ¶ 1). In addition to suing Hernandez and Leon, Mr. Hagan also included a claim against his car insurance provider, Progressive, asserting that Mr. Hagan was entitled to underinsured motorist benefits under his policy. (Doc. 1-1 at ¶¶ 29-33). On October 12, 2017, Plaintiffs released Hernandez and Leon from "all claims and demands that [Plaintiffs] ever had, or now have, or may have, known or unknown, against [Hernandez and Leon], created by, or arising out of the incident of July 5, 2016." (Doc. 1-2). In exchange for the release, Hernandez and Leon agreed to pay Plaintiffs $15,000 and to "refus[e] to consent to Removal if [Progressive] seeks to Remove the matter to Federal Court." (*Id.*).

Progressive filed a Notice of Removal on November 22, 2017. (Doc. 1). Plaintiffs then filed a Motion to Remand on November 30, 2017, which argued that removal was improper because (1) the Notice of Removal failed to allege the citizenship of all parties at the time the Complaint was filed, and (2) not all of the defendants consented to removal. (Doc. 3). On the same day, Progressive Amended its Notice of Removal to allege the citizenship of all parties at the time the Complaint was filed. (Doc. 7).

On January 3, 2018, this Court issued an Opinion denying Plaintiffs' Motion to Remand. (Doc. 18). The Court first found that any defect in the citizenship allegations was cured by Progressive's Amendment. (*Id.* at 3). The Court then held that the consent of Hernandez and Leon was not required to remove the action to federal court because both Hernandez and Leon had settled Plaintiffs' claims against them, had no remaining interest

in the litigation, and were nominal parties. (*Id.* at 4-6). On January 18, 2018, Plaintiffs' filed their Motion for Reconsideration. (Doc. 22).

### III. STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Specifically, the motion is generally permitted only if (1) there is an intervening change in the controlling law; (2) new evidence becomes available that was not previously available at the time the Court issued its decision; or (3) to correct clear errors of law or fact or prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, "motions for reconsideration should not be used to put forward arguments which the movant . . . could have made but neglected to make before judgment." *United States v. Jasin*, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003) (internal quotation marks and alterations omitted) (quoting *Reich v. Compton*, 834 F. Supp. 2d 753, 755 (E.D. Pa. 1993) *rev'd in part and aff'd in part on other grounds*, 57 F.3d 270 (3d Cir. 1995)). Nor should they "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Donegan v. Livingston*, 877 F. Supp. 2d 212, 226 (M.D. Pa. 2012) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

3

## IV. ANALYSIS

Plaintiffs put forth a number of arguments as to why this Court should reconsider its January 3, 2018, Opinion and Order, all falling within the category of clear errors of law or fact. (Doc. 23 at 1). First, Plaintiffs argue that this Court erred in determining that Hernandez and Leon were nominal parties because the Court should have examined whether Hernandez and Leon had an interest in the litigation at the time the Complaint was filed, not at the time the Notice of Removal was filed. (*Id.* at 2-4). Relying on cases that hold that a party's citizenship for diversity jurisdiction purposes is determined with respect to the time a complaint is filed—that is, subsequent changes in citizenship do not impact diversity jurisdiction—Plaintiffs urge that the same should be true for a party's status as interested or nominal. Stated otherwise, Plaintiffs argue that if they had a viable claim against Hernandez and Leon at the time the Complaint was filed, subsequent developments in the case do not render Hernandez and Leon nominal parties.

There are several problems with this argument. First, Plaintiffs do not cite a single case which holds that a Court, in determining whether or not a party is nominal, should only examine the party's interest at the time the complaint was filed. Thus, Plaintiffs are in the untenable position of arguing this Court made a clear error of law without being able to point to any authority that directly supports their position. Without any such authority, Plaintiffs' argument fails. Second, Plaintiffs' position is contradicted by the removal statute. Section 1446 of Title 28 of the United States Code provides, in part, that

4

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or *has become* removable.

28 U.S.C. § 1446(b)(3) (emphasis added).[1] This provision clearly contemplates that a case that is not initially removable may become removable as the case develops.

Third, at least one other district court has found that an event occurring after the operative complaint was filed rendered a party nominal. *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 287 F. Supp. 2d 940 (S.D. Ind. 2003). In *Bridgestone*, the plaintiffs filed a complaint against Ford and Firestone on March 6, 2001. *Id.* at 941. By March 24, 2001, Ford had settled all claims against it but remained a named party. *Id.* at 942. Firestone was served with the complaint on June 18, 2001, and removed the action to federal court on July 12, 2001. *Id.* The plaintiffs moved for remand, arguing that Ford did not consent to the removal. *Id.* The District Court denied the motion, holding that "Ford, having settled with the plaintiffs, was a nominal defendant whose joinder in removal was not required." *Id.* Thus, this Court finds no clear error of law in its determination that Hernandez and Leon became nominal parties when they settled their claims with Plaintiffs.

Next, Plaintiffs argue that two of the cases the Court cited in its Opinion, *Acosta v. Master Maintenance and Construction Inc.*, 452 F.3d 373 (5th Cir. 2006), and *Midwestern*

---

[1] The statute also provides that "[a] case may not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Here, the action was commenced on September 12, 2017, and Progressive removed the action on November 22, 2017. Thus, § 1446(c)(1) does not prevent removal in this case.

5

*Indemnity Company v. Brooks*, 779 F.3d 540 (8th Cir. 2015), are distinguishable. (Doc. 23 at 4-6). Plaintiffs argue that in *Acosta* the defendant who did not consent to removal was dismissed and was no longer a party at the time the notice of removal was filed. Similarly, Plaintiffs argue that in *Midwestern Indemnity Company* the non-consenting estate-defendant settled the claims against it before the insurer-defendant was joined and removed the action. Thus, Plaintiffs argue that this matter is different because Plaintiffs brought their claims against Hernandez, Leon, and Progressive[2] simultaneously, and Hernandez and Leon were still parties at the time of dismissal.

While the Court does not disagree with Plaintiffs' description of *Acosta* and *Midwestern Indemnity Company*, the facts that Plaintiffs contend distinguish these cases from the present case are simply not material. *Acosta* and *Midwestern Indemnity Company* are relevant to the present action because both Circuit Courts held that parties who had settled the claims against them are nominal parties. The fact that the estate-defendant settled the claim against it before the insurer-defendant was joined in *Midwestern Indemnity Company* was irrelevant to this Court's decision. The question before this Court was whether Hernandez and Leon, after settling Plaintiff's claims against them, became "nominal parties . . . without a real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). *Acosta* and *Midwestern Indemnity Company* both

---

[2] In this section, Plaintiffs repeatedly refer to "Defendant Jordan" and "State Farm." (Doc. 23 at 5-6). The Court assumes that these are typographical errors and that Plaintiffs intended to refer to Defendants Hernandez, Leon, and Progressive.

6

hold that settled parties are nominal parties whose consent is not required for removal. *See also In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 287 F. Supp. 2d at 941-42.

Lastly, Plaintiffs raise two interrelated arguments. First, Plaintiffs argue that Progressive failed to allege that Hernandez and Leon were nominal parties in its Notice of Removal and therefore waived the issue. (Doc. 23 at 7-8). Second, Plaintiffs argue that Progressive's Notice of Removal was inadequate as a matter of law because it fails to aver that Hernandez and Leon consented to removal or that their consent was not required. (Doc. 23 at 8-10). Initially, the Court notes that these arguments do not allege any error in the Court's Opinion, but instead simply reargue issues already rejected by the Court or raise new arguments that were available to Plaintiffs when they filed their Motion for Remand. As such, both these arguments are improper on a Motion for Reconsideration. *See Jasin*, 292 F. Supp. 2d at 677; *Donegan*, 877 F. Supp. 2d at 226.

Nevertheless, even if the Court were to consider Plaintiffs' arguments, they are devoid of merit. Progressive's Notice of Removal states, in part,

> 24. Defendant Progressive asserts that on October 12, 2017, Plaintiffs settled with Defendants Deisy Bravo Leon, Efrain Hernandez and Progressive Garden State Insurance in exchange for a Release of all claims.
>
> A true and correct copy of the Release is attached hereto, made a part hereof, and marked as Exhibit B.
>
> 25. Defendant Progressive asserts that Defendants Deisey Bravo Leon and Efrain Hernandez have been released from any further liability in this case and their joinder in this action is no longer proper pursuant to 28 U.S.C. § 1446 for removal of civil actions pursuant to 28 U.S.C. § 1441.

7

(Doc. 1). To the extent that they are required, the Court finds that these averments are sufficient to allege that Leon and Hernandez no longer had an interest in the litigation and thus were nominal parties whose consent to removal was not required. *See* 28 U.S.C. § 1446(a) (stating that a notice of removal must "contain[ ] a short and plain statement of the grounds for removal"); *cf. Liberty & Prosperity 1776, Inc. v. Corzine*, 720 F. Supp. 2d 622, 627 n.1 (D.N.J. 2010) (noting that the requirement that a complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief'" was "a deliberate change from the old code pleading standards which resulted in technical dismissals for failure to write the magic words." (quoting FED. R. CIV. P. 8(a)(2))); *Caudill Seed & Warehouse Co. v. Prophet 21, Inc.*, 126 F. Supp. 2d 937, 938 (E.D. Pa. 2001) (noting that "the Federal Rules of Civil Procedure operate under a notice pleading system, and 'magic words' are rarely, if ever, required to state a claim.").

## V. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' Motion for Reconsideration, (Doc. 22), and dismiss as moot Progressive's Motion to Strike, (Doc. 26). A separate Order follows.

Robert D. Mariani
United States District Judge

8