IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL HAGAN, et al., :
:
        Plaintiffs, :
v. : 3:17-CV-2155
: (JUDGE MARIANI)
DEISY BRAVO LEON, et al., :
:
        Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION

In this personal injury automobile accident action, presently before the Court are two motions filed by Defendants Deisy Bravo Leon and Efrain Hernandez ("Moving Defendants"): their Motion for Judgment on the Pleadings (Doc. 40), and their Motion to Deem their Motion for Judgment on the Pleadings Unopposed (Doc. 49). For the reasons that follow, the Court will deem the Motion for Judgment on the Pleadings unopposed and will also grant the Motion for Judgment on the Pleadings.

### II. PROCEDURAL AND FACTUAL BACKGROUND

This action arises out of claims involving a July 5, 2016 car accident and was originally filed in state court on or about September 12, 2017 by Plaintiffs Daniel and Karen Hagen against Defendants Deisy Bravo Leon, Efrain Hernandez, and Progressive Insurance Company. (Doc. 1-1). Defendants Leon and Hernandez, respectively the driver and the owner of the car that collided with Daniel Hagan's car (Doc. 1-1 at ¶¶ 8-10, 26),

settled with Plaintiffs on October 12, 2017 for $15,000 and a promise to refuse to consent to remove the action to federal court. (Doc. 1-2). In exchange, Plaintiffs released Moving Defendants from "all claims and demands that [Plaintiffs] ever had, or now have, or may have, known or unknown, against [Moving Defendants], created by, or arising out of" the July 5, 2016 incident that is the subject of the Complaint. (*Id.* at 1). Defendant Progressive Insurance Company, Plaintiffs' insurance company which is being sued to recover underinsured motorist benefits under Plaintiffs' policy, (Doc. 1-1 at ¶¶ 29-33), removed the case to federal court on November 22, 2017. (Doc. 1). Plaintiffs filed a Motion to Remand to State Court on November 30, 2017, arguing in part that there was not unanimity of the defendants to consent to removal. (Doc. 3, Doc. 4 at 3-4). Moving Defendants filed an Answer and Affirmative Defenses to the Complaint on December 8, 2017, affirmatively alleging, *inter alia*, that the written release discharged and released them from "all past, present, and future liability in connection with the claim now asserted in Plaintiffs' Complaint" and that the payment of the $15,000 from Moving Defendants' insurance company, Progressive Garden State Insurance, was accepted by Plaintiffs, indicating an accord and satisfaction of the obligations in the written release. (Doc. 10 at 9, 12-16).

The Court denied Plaintiffs' Motion to Remand to State Court in a January 3, 2018 Order (Doc. 19), reasoning that because Plaintiffs settled their claims against Moving Defendants, "[Moving Defendants] have no continuing interest in this litigation, [and thus,] they are nominal defendants and, as a result, their consent is not required to remove this

action to federal court," (Doc. 18 at 6). The Court also noted that Plaintiffs admitted in their Brief in Support of their Motion to Remand that "defendants Deisy Bravo Leon and Efrain Hernandez settled the claims against them for [the] full policy limits of their coverage." (Doc 18 at 4 (quoting Doc. 4 at 1, 12)). Plaintiffs filed a Motion for Reconsideration (Doc. 22) of the Court's denial of Plaintiffs' Motion to Remand, which the Court denied on May 18, 2018. (Doc. 34).

Moving Defendants filed a Motion for Judgment on the Pleadings and accompanying Brief in Support on June 13, 2018, arguing that the executed written release entitles them to judgment as a matter of law. (Doc. 40, Doc. 42 at 6-7). Plaintiffs did not file an opposition to the Motion for Judgment on the Pleadings.[1] On July 2, 2018, Defendants Leon and Hernandez filed a Motion to Deem their Motion for Judgment on the Pleadings Unopposed. (Doc. 49). Plaintiffs also did not file an opposition to that motion.

### III. STANDARD OF REVIEW

Middle District of Pennsylvania Local Rule 7.6 establishes the deadlines to file oppositions to motions and the consequences for failing to meet those deadlines:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under

---

[1] The other defendant in this matter, Progressive Insurance Company, did not file any opposition or consent to the Motion for Judgment on the Pleadings, but the Court notes that Defendant Progressive Insurance Company asserted in its Notice of Removal that the Moving Defendants settled the claims with Plaintiffs and should no longer be parties to the action. (Doc. 1 ¶¶ 24-26).

3

these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.*

L.R. 7.6 (emphasis added).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is only appropriate in favor of the moving party when that party "clearly establishes that no material issue of fact remains to be resolved" such that the party is "entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation omitted). When reviewing a motion for judgment on the pleadings, a court must view the facts in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor. *Allah v. Al-Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000); *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 396 (W.D. Pa. 2012). In other words, a district court applies the same standard to a judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6), but may also review the answer and instruments attached to the pleadings. *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591–92 (M.D. Pa. 2010).

## IV. DISCUSSION

The resolutions of the instant motions are simple. First, Plaintiffs did not file an opposition to the Motion for Judgment on the Pleadings, nor an opposition to Moving Defendants' Motion to Deem the Motion for the Judgment on the Pleadings Unopposed,

4

and, so, they did not comply with Local Rule 7.6. Thus, the Court finds that the Motion for Judgment on the Pleadings is unopposed.

Additionally, the Court will grant the Motion for Judgment on the Pleadings for the reasons advanced in Moving Defendants' Brief in Support of the Motion for Judgment on the Pleadings. The execution of the written release between Moving Defendants and Plaintiffs and payment of the agreed sum of $15,000, both evidenced in documents attached to Moving Defendants' Answer (Doc. 10 at 12-16), clearly extinguishes any liability on the part of the Moving Defendants with respect to the claims asserted in Plaintiffs' Complaint. Plaintiffs admitted this back in November 2017 in their Brief in Support of their Motion to Remand. (Doc. 4 at 1, 12 (stating that Moving Defendants "settled the claims against them")). And the Court has already previously found that "Plaintiffs here have no remaining claims against the [Moving Defendants] and the [Moving Defendants] have no remaining interest in the litigation." (Doc. 18 at 6). Thus, there are no issues of material fact to be resolved, and Moving Defendants are entitled to judgment as a matter of law.

## V. CONCLUSION

For the reasons outlined above, the Court will deem the Motion for Judgment on the Pleadings unopposed and will also grant Moving Defendants' Motion for Judgment on the Pleadings. A separate Order follows.

/Robert D. Mariani
United States District Judge